UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
PAUL E. FALZONE, :
: CASE NO. 1:10-CV-2918
Plaintiff, :
:
v. : OPINION & ORDER
: [Resolving Doc. No. 33]
JOHN LICASTRO, *et al.*, :
:
Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Dennis Sweet moves to stay Plaintiff Paul Falzone's discovery requests pending resolution of Sweet's motion to dismiss Falzone's amended complaint. Sweet argues that Falzone's discovery requests will not aid Falzone in opposing Sweet's pending motion to dismiss and that allowing discovery to proceed before resolving the motion to dismiss would waste judicial resources. [Doc. 33.] Falzone does not oppose the motion to stay.

Federal Rule of Civil Procedure 26 generally grants parties the right to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," Fed. R. Civ. P. 26(b)(1), and district courts have broad discretion to manage the conduct of this discovery, *In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996) (quoting *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982)). Where certain claims may be dismissed based on legal determinations unaffected by any further discovery, district courts may exercise their discretion to stay discovery

-1-

Case No. 1:10-CV-2918
Gwin, J.

pending resolution of these preliminary determinations. *Gettings v. Bldg. Laborers Local 310 Fringe Bens. Fund*, 349 F.3d 300, 304 (6th Cir. 2001) (quotations omitted); *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). The mere fact "that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Bowens v. Columbus Metro. Library Bd. Of Trs.*, No. 10-CV-219, 2010 WL 3719245, at *2 (S.D. Ohio Sept. 16, 2010). Instead, courts must weigh the burden of proceeding with discovery against the hardship worked by a denial of discovery. *Id.* at *1.

On July 7, 2011 Sweet filed a motion to dismiss Falzone's amended complaint. The motion argues, among other things, that Falzone's complaint fails to plead constitutional violations actionable under 42 U.S.C. § 1983, that the § 1983 claims are time-barred, that Falzone's claims against Sweet in his official capacity are barred by Eleventh Amendment sovereign immunity, and that the Court does not have jurisdiction over Falzone's state law claims. [Doc. 32.] Falzone has not yet opposed the motion to dismiss.

The Court finds staying discovery as against Defendant Sweet appropriate here, particularly where Sweet's pending motion presents preliminary legal issues to be resolved by looking to the face of Falzone's complaint alone. Falzone has submitted numerous interrogatories and requests for production that Sweet claims will be unduly burdensome to answer. Moreover, Falzone, by his failure to oppose Sweet's motion to stay discovery, presents no reason why a stay would burden his ability to oppose the motion to dismiss or would otherwise unnecessarily delay litigation.

Accordingly, the Court **GRANTS** Defendant Sweet's motion to stay discovery pending resolution of his motion to dismiss. However, because only Defendant Sweet makes the motion, the discovery stay will only govern discovery as to Sweet. If Plaintiff Falzone believes he needs

Case No. 1:10-CV-2918
Gwin, J.

discovery to respond to the motion, he must so move.

    IT IS SO ORDERED.


Dated: August 2, 2011                  s/  *James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE