UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                            :
PAUL E. FALZONE,                            :
                                            :    CASE NO. 1:10-CV-2918
         Plaintiff,                         :
                                            :
   v.                                       :    OPINION & ORDER
                                            :    [Resolving Doc. No. 29]
JOHN LICASTRO, *et al*,                     :
                                            :
         Defendants.                        :
                                            :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

John M. Licastro, Christopher McDonald, Gregory Barton, Thomas J. Neelon, Richard Dolbow, Julie Kreiner, and Village of Bratenahl, Ohio, each a Defendant in this lawsuit (collectively, the "Bratenahl Defendants"), have moved for an order of protection from Plaintiff Paul E. Falzone's written discovery requests. [Doc. 29.] Those requests consist of eighty-three interrogatories submitted to each Bratenahl Defendant, along with one-hundred-fifty-one requests for admission submitted to each Bratenahl Defendant.

Absent an order of the Court, Federal Rule of Civil Procedure 33(a)(1) limits the number of interrogatories "a party may serve on any other party [to] no more than 25[,] . . . including all discrete subparts." Fed. R. Civ. P. 33(a)(1). Because Falzone has offered no reason justifying an increased number of interrogatories, the Court will grant in part the Bratenahl Defendants' motion for a protective order. Should he wish, Falzone is directed to resubmit no more than twenty-five interrogatories to each Defendant. The timing of responses shall continue to be governed by Federal

Case No. 1:10-CV-2918
Gwin, J.

Rule of Civil Procedure 33(b)(2).

As for Falzone's requests for admission, the text of Federal Rule of Civil Procedure 36 does not set a limit on the number that may be served on a party.  See Fed. R. Civ. P. 36.  That does not mean, however, that requests for admission are "general discovery device[s]," available "to circumvent the . . . rule which limit[s] the number of interrogatories."  Misco, Inc. v. U.S. Steel Corp., 784 F.2d 198, 205-06 (6th Cir. 1986).  Rather, the purpose of such requests is to "reduce trial time," by "facilitat[ing] proof with respect to issues that cannot be eliminated from the case" and "narrow[ing] the issues by eliminating those [issues] that can be [eliminated]."  Advisory Committee's 1970 Notes on Fed. R. Civ. P. 36.  Accordingly, a "party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:  (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described document."  Fed. R. Civ. P. 36(a)(1).

Falzone has submitted one-hundred-fifty-one requests for admission to each Defendant.[1] Nearly every one of those requests asks the Bratenahl Defendants to admit or deny the existence of "personal knowledge and/or information" regarding a particular event or circumstance that forms part of the basis of this lawsuit.  This Court finds that any admissions following these requests would do almost nothing to aid the proof or elimination of any issue.  The Court further finds that the Defendants show that the requests for admission impose undue burden or expense when measured against the minimal value of asking whether parties have knowledge of various matters. Accordingly, the Court grants in part the Bratenahl Defendants' motion for a protective order.

---

[1] The requests were submitted in two batches, with the second batch largely repetitive of the first.  By the Court's rough count, only about 83 of the requests are unique.

Case No. 1:10-CV-2918
Gwin, J.

Furthermore, the Court, of its own accord, lifts the August 2, 2011, stay of discovery as to Defendant Dennis Sweet. [Doc. 46.] Sweet is directed to comply with Falzone's discovery requests in the usual course.

IT IS SO ORDERED.


Dated: September 13, 2011    *s/    James S. Gwin*
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE