UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
PAUL E. FALZONE,                                  :
                                                  :      CASE NO. 1:10-CV-2918
         Plaintiff,                               :
                                                  :
    v.                                            :      OPINION & ORDER
                                                  :      [Resolving Doc. No. 67]
JOHN LICASTRO, *et al*,                           :
                                                  :
         Defendants.                              :
                                                  :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Dennis Sweet moves for an order of protection from Plaintiff Paul E. Falzone's discovery requests. [Doc. 67.] Falzone sent the requests to Sweet and the other Defendants in several batches from January 2011 through June 2011. On July 7, 2011, Sweet moved to stay discovery pending resolution of his motion to dismiss, [Doc. 33], a motion the Court granted on August 2, 2011, [Doc 46.] Then, after learning at the September 1, 2011, Case Management Conference that Sweet may be in possession of materials relevant to Falzone's claims, the Court "lift[ed] the August 2, 2011, stay of discovery" and directed Sweet "to comply with Falzone's discovery requests in the usual course." [Doc. 63.]

The Court has previously reviewed these discovery requests. On July 1, 2011, all of the Defendants (other than Sweet) moved for a protective order identical to the one Sweet now seeks. [Doc. 29.] (Sweet did not join that motion, apparently because he was planning to file his July 7, 2011, motion to stay.) After reviewing Falzone's requests, the Court found that Falzone had

-1-

Case No. 1:10-CV-2918
Gwin, J.

exceeded the number of interrogatories permitted under Federal Rule of Civil Procedure 33(a)(1) and directed him, should he wish, "to resubmit no more than twenty-five interrogatories to each Defendant." [Doc. 63.] The Court also found that Falzone's requests for admission "impose[d] undue burden or expense when measured against the minimal value of asking whether parties have knowledge of various matters." *Id.* Accordingly, the Court granted the July 1, 2011, motion for a protective order.

Inasmuch as Sweet requests the same relief the Court granted the other Defendants, the Court **GRANTS** his motion for the reasons previously set forth. *See id.* Sweet need not respond to Falzone's pre-September 13, 2011, discovery requests. Falzone may, however, submit interrogatories, requests for admission, and requests for production to Sweet consistent with the Federal Rules of Civil Procedure and this Court's order of September 13, 2011, *id.* Indeed, Falzone represents that his "revised discovery to each Defendant is presently being prepared and should be forthcoming shortly." [Doc. 70.]

IT IS SO ORDERED.


Dated: October 7, 2011                  s/ *James S. Gwin*
                                                                JAMES S. GWIN
                                                                UNITED STATES DISTRICT JUDGE