

VILLAGE OF BRATENAHL
CUYAHOGA COUNTY

REGULAR AUDIT

FOR THE YEARS ENDED DECEMBER 31, 2008 AND 2007



Mary Taylor, CPA
Auditor of State

VILLAGE OF BRATENAHL
CUYAHOGA COUNTY

TABLE OF CONTENTS

<u>TITLE</u>

<u>PAGE</u>

Cover Letter ................................................................................................................................... 1

Independent Accountants' Report.................................................................................................... 3

Combined Statement of Cash Receipts, Cash Disbursements, and Changes in
　Fund Cash Balances - All Governmental Fund Types -
　For the Year Ended December 31, 2008 .................................................................................... 5

Combined Statement of Cash Receipts, Cash Disbursements, and Changes in
　Fund Cash Balances – The Fiduciary Fund Types -
　For the Year Ended December 31, 2008 .................................................................................... 6

Combined Statement of Cash Receipts, Cash Disbursements, and Changes in
　Fund Cash Balances - All Governmental Fund Types -
　For the Year Ended December 31, 2007 .................................................................................... 7

Combined Statement of Cash Receipts, Cash Disbursements, and Changes in
　Fund Cash Balances – The Fiduciary Fund Types -
　For the Year Ended December 31, 2007 .................................................................................... 8

Notes to the Financial Statements .................................................................................................. 9

Independent Accountants' Report on Internal Control Over
　Financial Reporting and on Compliance and Other Matters
　Required by *Government Auditing Standards* ............................................................................ 17

Schedule of Findings ...................................................................................................................... 19

Schedule of Prior Audit Findings.................................................................................................... 25

This page intentionally left blank.



# Mary Taylor, CPA
## Auditor of State

Village of Bratenahl
Cuyahoga County
411 Bratenahl Road
Bratenahl, Ohio 44108

To the Village Council:

As you are aware, the Auditor of State's Office (AOS) must modify the *Independent Accountants' Report* we provide on your financial statements due to an interpretation from the American Institute of Certified Public Accountants (AICPA).  While AOS does not legally require your government to prepare financial statements pursuant to Generally Accepted Accounting Principles (GAAP), the AICPA interpretation requires auditors to formally acknowledge that you did not prepare your financial statements in accordance with GAAP.  Our Report includes an adverse opinion relating to GAAP presentation and measurement requirements, but does not imply the amounts the statements present are misstated under the non-GAAP basis you follow.  The AOS report also includes an opinion on the financial statements you prepared using the cash basis and financial statement format the AOS permits.

*Mary Taylor*

**Mary Taylor, CPA**
Auditor of State

December 14, 2009

Lausche Building / 615 Superior Ave., NW / Twelfth Floor / Cleveland, OH 44113-1801
Telephone:  (216) 787-3665        (800) 626-2297        Fax:  (216) 787-3361
www.auditor.state.oh.us

1

This page intentionally left blank.



# Mary Taylor, CPA
## Auditor of State

### INDEPENDENT ACCOUNTANTS' REPORT

Village of Bratenahl
Cuyahoga County
411 Bratenahl Road
Bratenahl, Ohio 44108

To the Village Council:

We have audited the accompanying financial statements of the Village of Bratenahl, Cuyahoga County, Ohio (the Village) as of and for the years ended December 31, 2008 and 2007. These financial statements are the responsibility of the Village's management. Our responsibility is to express an opinion on these financial statements based on our audit.

We conducted our audit in accordance with auditing standards generally accepted in the United States of America and the standards applicable to financial audits contained in the Comptroller General of the United States' *Government Auditing Standards*. Those standards require that we plan and perform the audit to reasonably assure whether the financial statements are free of material misstatement. An audit includes examining, on a test basis, evidence supporting the amounts and disclosures in the financial statements. An audit also includes assessing the accounting principles used and significant estimates made by management, as well as evaluating the overall financial statement presentation. The Village processes its financial transactions with the Auditor of State's Uniform Accounting Network (UAN). *Government Auditing Standards* considers this service to impair the independence of the Auditor of State to audit the Village because the Auditor of State designed, developed, implemented, and as requested, operates UAN. However, *Government Auditing Standards* permits the Auditor of State to audit and opine on this entity, because Ohio Revised Code § 117.101 requires the Auditor of State to provide UAN services, and Ohio Revised Code §§ 117.11(B) and 115.56 mandate the Auditor of State to audit Ohio governments. We believe our audit provides a reasonable basis for our opinion.

As described more fully in Note 1, the Village has prepared these financial statements using accounting practices the Auditor of State prescribes or permits. These practices differ from accounting principles generally accepted in the United States of America (GAAP). Although we cannot reasonably determine the effects on the financial statements of the variances between these regulatory accounting practices and GAAP, we presume they are material.

Instead of the combined funds the accompanying financial statements present, GAAP require presenting entity wide statements and also presenting the Village's larger (i.e. major) funds separately. While the Village does not follow GAAP, generally accepted auditing standards requires us to include the following paragraph if the statements do not substantially conform to GAAP presentation requirements. The Auditor of State permits, but does not require Villages to reformat their statements. The Village has elected not to follow GAAP statement formatting requirements. The following paragraph does not imply the amounts reported are materially misstated under the accounting basis the Auditor of State permits. Our opinion on the fair presentation of the amounts reported pursuant to its non-GAAP basis is in the second following paragraph.

Lausche Building / 615 Superior Ave., NW / Twelfth Floor / Cleveland, OH 44113-1801
Telephone: (216) 787-3665     (800) 626-2297     Fax: (216) 787-3361
www.auditor.state.oh.us

Village of Bratenahl
Cuyahoga County
Independent Accountants' Report
Page 2

In our opinion, because of the effects of the matter discussed in the preceding two paragraphs, the financial statements referred to above for the years ended December 31, 2008 and 2007 do not present fairly, in conformity with accounting principles generally accepted in the United States of America, the financial position of the Village as of December 31, 2008 and December 31, 2007, or its changes in financial position for the years then ended.

Also, in our opinion, the financial statements referred to above present fairly, in all material respects, the combined fund cash balances and reserves for encumbrances of the Village of Bratenahl, Cuyahoga County, Ohio, as of December 31, 2008 and 2007, and its combined cash receipts and disbursements for the years then ended on the accounting basis Note 1 describes.

The Village has not presented Management's Discussion and Analysis, which accounting principles generally accepted in the United States of America has determined is necessary to supplement, although not required to be part of, the financial statements.

In accordance with *Government Auditing Standards*, we have also issued our report dated December 14, 2009, on our consideration of the Village's internal control over financial reporting and our tests of its compliance with certain provisions of laws, regulations, contracts and grant agreements and other matters.  While we did not opine on the internal control over financial reporting or on compliance, that report describes the scope of our testing of internal control over financial reporting and compliance, and the results of that testing.  That report is an integral part of an audit performed in accordance with *Government Auditing Standards*.  You should read it in conjunction with this report in assessing the results of our audit.

*Mary Taylor*

**Mary Taylor, CPA**
Auditor of State

December 14, 2009

4

VILLAGE OF BRATENAHL
CUYAHOGA COUNTY

COMBINED STATEMENT OF CASH RECEIPTS, CASH DISBURSEMENTS, AND
CHANGES IN FUND CASH BALANCES
ALL GOVERNMENTAL FUND TYPES
FOR THE YEAR ENDED DECEMBER 31, 2008

| | Governmental Fund Types | | | | Totals (Memorandum Only) |
|---|---|---|---|---|---|
| | General | Special Revenue | Debt Service | Capital Projects | |
| **Cash Receipts:** | | | | | |
| Property and Local Taxes | $804,409 | $151,420 | $84,122 | $0 | $1,039,951 |
| Municipal Income Tax | 1,387,740 | 0 | | 0 | 1,387,740 |
| Intergovernmental | 233,638 | 82,988 | 7,449 | 0 | 324,075 |
| Charges for Services | 0 | 17,002 | | 0 | 17,002 |
| Fines, Licenses and Permits | 350,833 | 15,816 | 0 | 0 | 366,649 |
| Earnings on Investments | 14,464 | 167 | 0 | 0 | 14,631 |
| Miscellaneous | 15,843 | 37,343 | 0 | 0 | 53,186 |
| Total Cash Receipts | 2,806,927 | 304,736 | 91,571 | 0 | 3,203,234 |
| **Cash Disbursements:** | | | | | |
| Current: | | | | | |
| Security of Persons and Property | 1,503,936 | 76,253 | 0 | 0 | 1,580,189 |
| Public Health Services | 6,534 | 0 | 0 | 0 | 6,534 |
| Leisure Time Activities | 16,665 | 90,140 | 0 | 0 | 106,805 |
| Community Environment | 68,256 | 0 | 0 | 0 | 68,256 |
| Basic Utility Service | 0 | 1,000 | 0 | 0 | 1,000 |
| Transportation | 388,420 | 44,187 | 0 | 0 | 432,607 |
| General Government | 686,750 | 81,942 | 0 | 0 | 768,692 |
| Debt Service: | | | | | |
| Redemption of Principal | 0 | 0 | 50,000 | 1,203,138 | 1,253,138 |
| Interest and Fiscal Charges | 0 | 0 | 34,390 | 53,355 | 87,745 |
| Capital Outlay | 75,602 | 6,632 | 0 | 96,392 | 178,626 |
| Total Cash Disbursements | 2,746,163 | 300,154 | 84,390 | 1,352,885 | 4,483,592 |
| Total Receipts Over/(Under) Disbursements | 60,764 | 4,582 | 7,181 | (1,352,885) | (1,280,358) |
| **Other Financing Receipts / (Disbursements):** | | | | | |
| Proceeds from Sale of Public Debt: | | | | | |
| Sale of Notes | 0 | 0 | 0 | 936,207 | 936,207 |
| Transfers-In | 0 | 173,791 | 215,751 | 217,938 | 607,480 |
| Transfers-Out | (607,480) | 0 | 0 | 0 | (607,480) |
| Total Other Financing Receipts / (Disbursements) | (607,480) | 173,791 | 215,751 | 1,154,145 | 936,207 |
| Excess of Cash Receipts and Other Financing Receipts Over/(Under) Cash Disbursements and Other Financing Disbursements | (546,716) | 178,373 | 222,932 | (198,740) | (344,151) |
| Fund Cash Balances, January 1, 2008 | 702,845 | 75,519 | 71,111 | 280,325 | 1,129,800 |
| **Fund Cash Balances, December 31, 2008** | $156,129 | $253,892 | $294,043 | $81,585 | $785,649 |
| Reserve for Encumbrances, December 31, 2008 | $35,553 | $0 | $0 | $0 | $35,553 |

*The notes to the financial statements are an integral part of this statement.*

5

**VILLAGE OF BRATENAHL**
**CUYAHOGA COUNTY**

**COMBINED STATEMENT OF CASH RECEIPTS, CASH DISBURSEMENTS, AND
CHANGES IN FUND CASH BALANCES - FIDUCIARY FUND TYPE
FOR THE YEAR ENDED DECEMBER 31, 2008**

|  | Fiduciary Fund Type |
|---|---|
|  | Agency |
| **Operating Cash Receipts:** |  |
| Fines, Licenses and Permits | $547,438 |
| Total Operating Cash Receipts | 547,438 |
| **Operating Cash Disbursements:** |  |
| Other | 508,920 |
| Total Operating Cash Disbursements | 508,920 |
| Net Receipts Over/(Under) Disbursements | 38,518 |
| Fund Cash Balances, January 1, 2008 | 179,773 |
| **Fund Cash Balances, December 31, 2008** | $218,291 |

*The notes to the financial statements are an integral part of this statement.*

6

VILLAGE OF BRATENAHL
CUYAHOGA COUNTY

COMBINED STATEMENT OF CASH RECEIPTS, CASH DISBURSEMENTS, AND
CHANGES IN FUND CASH BALANCES
ALL GOVERNMENTAL FUND TYPES
FOR THE YEAR ENDED DECEMBER 31, 2007

| | Governmental Fund Types | | | | |
| --- | --- | --- | --- | --- | --- |
| | General | Special Revenue | Debt Service | Capital Projects | Totals (Memorandum Only) |
| **Cash Receipts:** | | | | | |
| Property and Local Taxes | $796,176 | $107,350 | $83,895 | $0 | $987,421 |
| Municipal Income Tax | 953,356 | 0 | 0 | 0 | 953,356 |
| Intergovernmental | 353,359 | 71,922 | 11,035 | 466,500 | 902,816 |
| Charges for Services | 0 | 11,332 | 0 | 0 | 11,332 |
| Fines, Licenses and Permits | 405,349 | 30,043 | 0 | 0 | 435,392 |
| Earnings on Investments | 67,246 | 2,337 | 0 | 0 | 69,583 |
| Miscellaneous | 18,607 | 2,852 | 0 | 0 | 21,459 |
| Total Cash Receipts | 2,594,093 | 225,836 | 94,930 | 466,500 | 3,381,359 |
| **Cash Disbursements:** | | | | | |
| Current: | | | | | |
| Security of Persons and Property | 1,443,427 | 40,066 | 0 | 0 | 1,483,493 |
| Public Health Services | 3,202 | 0 | 0 | 0 | 3,202 |
| Leisure Time Activities | 8,534 | 77,599 | 0 | 0 | 86,133 |
| Community Environment | 18,449 | 0 | 0 | 0 | 18,449 |
| Basic Utility Service | 0 | 3,766 | 0 | 0 | 3,766 |
| Transportation | 384,871 | 91,972 | 0 | 0 | 476,843 |
| General Government | 672,995 | 74,113 | 0 | 0 | 747,108 |
| Debt Service: | | | | | |
| Redemption of Principal | 0 | 0 | 250,000 | 616,638 | 866,638 |
| Interest and Fiscal Charges | 0 | 0 | 45,260 | 23,000 | 68,260 |
| Capital Outlay | 33,367 | 9,577 | 0 | 1,051,406 | 1,094,350 |
| Total Cash Disbursements | 2,564,845 | 297,093 | 295,260 | 1,691,044 | 4,848,242 |
| Total Receipts Over/(Under) Disbursements | 29,248 | (71,257) | (200,330) | (1,224,544) | (1,466,883) |
| **Other Financing Receipts / (Disbursements):** | | | | | |
| Proceeds from Sale of Public Debt: | | | | | |
| Sale of Notes | 0 | 0 | 0 | 1,161,670 | 1,161,670 |
| Transfers-In | 0 | 0 | 9,230 | 41,638 | 50,868 |
| Transfers-Out | (50,868) | 0 | 0 | 0 | (50,868) |
| Total Other Financing Receipts / (Disbursements) | (50,868) | 0 | 9,230 | 1,203,308 | 1,161,670 |
| Excess of Cash Receipts and Other Financing Receipts Over/(Under) Cash Disbursements and Other Financing Disbursements | (21,620) | (71,257) | (191,100) | (21,236) | (305,213) |
| Fund Cash Balances, January 1, 2007 | 724,466 | 146,776 | 262,211 | 301,561 | 1,435,013 |
| **Fund Cash Balances, December 31, 2007** | **$702,845** | **$75,519** | **$71,111** | **$280,325** | **$1,129,800** |
| Reserve for Encumbrances, December 31, 2007 | $101,428 | $27,890 | $530 | $9,877 | $139,725 |

*The notes to the financial statements are an integral part of this statement.*

VILLAGE OF BRATENAHL
CUYAHOGA COUNTY

COMBINED STATEMENT OF CASH RECEIPTS, CASH DISBURSEMENTS, AND
CHANGES IN FUND CASH BALANCES - FIDUCIARY FUND TYPE
FOR THE YEAR ENDED DECEMBER 31, 2007

|  | Fiduciary Fund Type |
| --- | --- |
|  | Agency |
| **Operating Cash Receipts:** |  |
| Fines, Licenses and Permits | $575,599 |
| Total Operating Cash Receipts | 575,599 |
| **Operating Cash Disbursements:** |  |
| Other | 602,020 |
| Total Operating Cash Disbursements | 602,020 |
| Net Receipts Over/(Under) Disbursements | (26,421) |
| Fund Cash Balances, January 1, 2007 | 206,194 |
| **Fund Cash Balances, December 31, 2007** | $179,773 |

*The notes to the financial statements are an integral part of this statement.*

8

VILLAGE OF BRATENAHL
CUYAHOGA COUNTY

NOTES TO THE FINANCIAL STATEMENTS
DECEMBER 31, 2008 AND DECEMBER 31, 2007

1.    **Summary of Significant Accounting Policies**

    A.  **Description of the Entity**

        The constitution and laws of the State of Ohio establish the rights and privileges of the Village of Bratenahl, Cuyahoga County, Ohio, (the Village) as a body corporate and politic.  A publicly-elected six-member Council directs the Village.  The Village provides general governmental services, including road maintenance, park operations (leisure time activities), and police services.

        The Village contracts with the City of Cleveland to receive fire protection services.

        The Village's management believes these financial statements present all activities for which the Village is financially accountable.

    B.  **Accounting Basis**

        These financial statements follow the accounting basis the Auditor of State prescribes or permits.  This basis is similar to the cash receipts and disbursements accounting basis.  The Village recognizes receipts when received in cash rather than when earned, and recognizes disbursements when paid rather than when a liability is incurred.  Budgetary presentations report budgetary expenditures when a commitment is made (i.e., when an encumbrance is approved).

        These statements include adequate disclosure of material matters, as the Auditor of State prescribes or permits.

    C.  **Deposits and Investments**

        The Village's accounting basis includes investments as assets.  This basis does not record disbursements for investment purchases or receipts for investment sales.  This basis records gains or losses at the time of sale as receipts or disbursements, respectively.

        The Village values certificates of deposit at cost.

    D.  **Fund Accounting**

        The Village uses fund accounting to segregate cash and investments that are restricted as to use.  The Village classifies its funds into the following types:

        1.  **General Fund**

            The General Fund reports all financial resources except those required to be accounted for in another fund.

        2.  **Special Revenue Funds**

            These funds account for proceeds from specific sources (other than from private-purpose trusts or for capital projects) that are restricted to expenditure for specific purposes.  The Village had the following significant Special Revenue Funds:

VILLAGE OF BRATENAHL
CUYAHOGA COUNTY

NOTES TO THE FINANCIAL STATEMENTS
DECEMBER 31, 2008 AND 2007
(Continued)

1. **Summary of Significant Accounting Policies (Continued)**

D. **Fund Accounting (Continued)**

2. **Special Revenue Funds (Continued)**

Street Construction, Maintenance and Repair Fund - This fund receives gasoline tax and motor vehicle tax money for constructing, maintaining, and repairing Village streets.

Parks and Recreation Fund – This fund is used to account for funding received from a recreation property tax levy for maintaining parks and providing recreational services to the Village residents.

3. **Debt Service Funds**

These funds account for resources the Village accumulates to pay bond and note debt. The Village had the following significant Debt Service Fund:

General Obligation Fund – This fund is used to pay bond and note indebtedness and Ohio Public Works Commission loans.

4. **Capital Project Funds**

These funds account for receipts restricted to acquiring or constructing major capital projects (except those financed through enterprise or trust funds).  The Village had the following significant capital project funds:

Eddy Road Project Fund – This fund receives proceeds of notes.  The proceeds are being used to make various improvements to Eddy Road.

Green Space Fund – This fund receives proceeds of notes.  The proceeds are being used to acquire real property for conservation purposes.

5. **Fiduciary Funds (Agency Fund)**

Agency funds are purely custodial in nature and are used to hold resources for individuals, organizations or other governments.  The Village disburses these funds as directed by the individual, organization or other government.   The Village's agency fund accounts for the activities of the Mayor's Court and their private way fund.

E. **Budgetary Process**

The Ohio Revised Code requires that each fund (except certain agency funds) be budgeted annually.

VILLAGE OF BRATENAHL
CUYAHOGA COUNTY

NOTES TO THE FINANCIAL STATEMENTS
DECEMBER 31, 2008 AND 2007
(Continued)

1.  **Summary of Significant Accounting Policies (Continued)**

E.  **Budgetary Process (Continued)**

1.  **Appropriations**

Budgetary expenditures (that is, disbursements and encumbrances) may not exceed appropriations at the object level of control and appropriations may not exceed estimated resources.  The Village Council must annually approve appropriation measures and subsequent amendments.  The County Budget Commission must also approve the annual appropriation measure.  Unencumbered appropriations lapse at year end.

2.  **Estimated Resources**

Estimated resources include estimates of cash to be received (budgeted receipts) plus unencumbered cash as of January 1.  The County Budget Commission must also approve estimated resources.

3.  **Encumbrances**

The Ohio Revised Code requires the Village to reserve (encumber) appropriations when individual commitments are made.  Prior to January 1, 2008 encumbrances outstanding at year end were carried over, and were not needed to be reappropriated.  Subsequent to January 1, 2008 encumbrances outstanding at year end are canceled, and reappropriated in the subsequent year.  Management has included audit adjustments in the accompanying budgetary presentations for material items that should have been encumbered.

A summary of 2008 and 2007 budgetary activity appears in Note 3.

F.  **Property, Plant, and Equipment**

The Village records disbursements for acquisitions of property, plant, and equipment when paid.  The accompanying financial statements do not report these items as assets.

G.  **Accumulated Leave**

In certain circumstances, such as upon leaving employment, employees are entitled to cash payments for unused leave.  The financial statements do not include a liability for unpaid leave.

2.  **Equity in Pooled Deposits and Investments**

The Village maintains a deposit and investments pool all funds use.  The Ohio Revised Code prescribes allowable deposits and investments.  The carrying amount of deposits and investments at December 31 was as follows:

VILLAGE OF BRATENAHL
CUYAHOGA COUNTY

NOTES TO THE FINANCIAL STATEMENTS
DECEMBER 31, 2008 AND 2007
(Continued)

2.    **Equity in Pooled Deposits and Investments (Continued)**

|                 | 2008        | 2007        |
|-----------------|-------------|-------------|
| Demand deposits | $1,003,940  | $1,309,573  |

**Deposits:**  Deposits are insured by the Federal Depository Insurance Corporation or collateralized by the financial institution's public entity deposit pool.

3.    **Budgetary Activity**

Budgetary activity for the years ending December 31, 2008 and December 31, 2007 follows:

**2008 Budgeted vs. Actual Receipts**

| Fund Type       | Budgeted Receipts | Actual Receipts | Variance    |
|-----------------|-------------------|-----------------|-------------|
| General         | $2,977,931        | $2,806,927      | ($171,004)  |
| Special Revenue | 499,898           | 478,527         | (21,371)    |
| Debt Service    | 544,100           | 307,322         | (236,778)   |
| Capital Projects| 644,500           | 1,154,145       | 509,645     |
| Total           | $4,666,429        | $4,746,921      | $80,492     |

**2008 Budgeted vs. Actual Budgetary Basis Expenditures**

| Fund Type       | Appropriation Authority | Budgetary Expenditures | Variance    |
|-----------------|-------------------------|------------------------|-------------|
| General         | $3,554,003              | $3,389,196             | $164,807    |
| Special Revenue | 372,656                 | 300,154                | 72,502      |
| Debt Service    | 335,686                 | 84,390                 | 251,296     |
| Capital Projects| 1,385,545               | 1,352,885              | 32,660      |
| Total           | $5,647,890              | $5,126,625             | $521,265    |

**2007 Budgeted vs. Actual Receipts**

| Fund Type       | Budgeted Receipts | Actual Receipts | Variance    |
|-----------------|-------------------|-----------------|-------------|
| General         | $2,206,533        | $2,594,093      | $387,560    |
| Special Revenue | 334,079           | 225,836         | (108,243)   |
| Debt Service    | 545,307           | 104,160         | (441,147)   |
| Capital Projects| 1,683,500         | 1,669,808       | (13,692)    |
| Total           | $4,769,419        | $4,593,897      | ($175,522)  |

VILLAGE OF BRATENAHL
CUYAHOGA COUNTY

NOTES TO THE FINANCIAL STATEMENTS
DECEMBER 31, 2008 AND 2007
(Continued)

3.    **Budgetary Activity (Continued)**

2007 Budgeted vs. Actual Budgetary Basis Expenditures

| Fund Type | Appropriation Authority | Budgetary Expenditures | Variance |
|---|---|---|---|
| General | $2,772,372 | $2,717,141 | $55,231 |
| Special Revenue | 363,825 | 324,983 | 38,842 |
| Debt Service | 544,230 | 295,790 | 248,440 |
| Capital Projects | 1,938,428 | 1,700,917 | 237,511 |
| Total | $5,618,855 | $5,038,831 | $580,024 |

Contrary to Ohio law, total appropriations exceeded estimated resources in the Law Enforcement Fund and DOPWIC Fund by $40,000 and $42,000 respectively for the year ended December 31, 2008.

4.    **Property Tax**

Real property taxes become a lien on January 1 preceding the October 1 date for which the Council adopted tax rates.  The State Board of Tax Equalization adjusts these rates for inflation.  Property taxes are also reduced for applicable homestead and rollback deductions.  The financial statements include homestead and rollback amounts the State pays as Intergovernmental Receipts.  Payments are due to the County by December 31.  If the property owner elects to pay semiannually, the first half is due December 31.  The second half payment is due the following June 20.

Public utilities are also taxed on personal and real property located within the Village.

Tangible personal property tax is assessed by the property owners, who must file a list of such property to the County by each April 30.

The County is responsible for assessing property, and for billing, collecting, and distributing all property taxes on behalf of the Village.

5.    **Local Income Tax**

The Village levies a municipal income tax of 1.5 percent on substantially all earned income arising from employment, residency, or business activities within the Village as well as certain income of residents earned outside of the Village.

Employers within the Village withhold income tax on employee compensation and remit the tax to the Village either monthly or quarterly, as required.  Corporations and other individual taxpayers pay estimated taxes quarterly and file a declaration annually.

VILLAGE OF BRATENAHL
CUYAHOGA COUNTY

NOTES TO THE FINANCIAL STATEMENTS
DECEMBER 31, 2008 AND 2007
(Continued)

6.    Debt

Debt outstanding at December 31, 2008 was as follows:

|  | Principal | Interest Rate |
|---|---|---|
| Lakeshore Blvd Improvement Bonds, Series 1996 | $530,000 | 5.40% - 5.875% |
| Ohio Public Works Commission Loans | 524,790 | 0.00% |
| Eddy Road Improvement Notes, Series 2008 | 375,000 | 3.50% |
| Greenspace Acquisition Notes, Series 2008 | 560,000 | 2.75% |
| Total | $1,989,790 | |

The proceeds of the General Obligation Lakeshore Boulevard Improvement Bonds, issued in 1996, were used for the purpose of improving Lakeshore Boulevard and Bratenahl Road. The proceeds from the Eddy Road Improvement Notes, Series 2008 and the OPWC – Water Main and Street Replacement Program Loans were used for the replacement of pavement, curbs, sidewalks, aprons, and waterlines. The proceeds from the Green Space Acquisition Notes, Series 2008 were used to acquire real property for conservation purposes.

The Bond is being paid from the General Obligation Fund and the OPWC Loan is being paid from the Phase II Capital Projects Fund. The Eddy Road Improvement Notes and Green Space Acquisition Notes are paid from their respective restricted capital project funds. All bonded debt will be repaid using voted millage. Note and OPWC Loans will be repaid using general operating revenues of the Village.

Amortization of the Bonds and Loans, including interest, is scheduled as follows:

| Year ending December 31: | OPWC Loans | General Obligation Bonds |
|---|---|---|
| 2009 | 41,638 | 85,630 |
| 2010 | 41,638 | 82,605 |
| 2011 | 41,638 | 84,525 |
| 2012 | 41,638 | 86,150 |
| 2013 | 41,638 | 87,331 |
| 2014-2018 | 208,190 | 252,025 |
| 2019-2022 | 108,410 | 0 |
| Total | $524,790 | $678,266 |

7.    Retirement Systems

The Village's full-time Police Officers belong to the Police and Fire Pension Fund (OP&F). Other employees belong to the Ohio Public Employees Retirement System (OPERS). OP&F and OPERS are cost-sharing, multiple-employer plans. The Ohio Revised Code prescribes these plans' benefits, which include postretirement healthcare and survivor and disability benefits.

VILLAGE OF BRATENAHL
CUYAHOGA COUNTY

NOTES TO THE FINANCIAL STATEMENTS
DECEMBER 31, 2008 AND 2007
(Continued)

7.    Retirement Systems (Continued)

The Ohio Revised Code also prescribes contribution rates.  For 2008 and 2007, OP&F participants contributed 10% of their wages.  For 2008 and 2007, the Village contributed to OP&F an amount equal to 19.5% of full-time police members'.  For 2008 and 2007, OPERS members contributed 10 and 9.5%, respectively, of their gross salaries and the Village contributed an amount equaling 14 and 13.85%, respectively, of participants' gross salaries.  The Village has paid all contributions required through December 31, 2008.

8.    Risk Management

Commercial Insurance

The Village has obtained commercial insurance for the following risks:

- Comprehensive property and general liability;
- Law enforcement liability;
- Vehicles; and
- Public Official dishonesty.

The Village also provides health insurance, life insurance, dental and vision coverage to full-time employees through a private carrier.

9.    Contingent Liabilities

The Village is a defendant in several lawsuits.  Although management cannot presently determine the outcome of these suits, management believes that the resolution of these matters will not materially adversely affect the Village's financial condition.

10.   Northeast Ohio Public Energy Council

The Village is a member of the Northeast Ohio Public Energy Council (NOPEC).  NOPEC is a regional council of governments formed under Chapter 167 of the Ohio Revised Code.  NOPEC was formed to serve as a vehicle for communities wishing to proceed jointly with an aggregation program for the purchase of electricity.  NOPEC is currently comprised of over 126 communities who have been authorized by ballot to purchase electricity on behalf of their citizens.  The intent of NOPEC is to provide electricity at the lowest possible rates while at the same time insuring stability in prices by entering into long-term contracts with suppliers to provide electricity to the citizens of its member communities.

NOPEC is governed by a General Assembly made up of one representative from each member community.  The representatives on the board from each county then elect one person to serve on the eight-member NOPEC Board of Directors.  The Board oversees and manages the operation of the aggregation program.  The degree of control exercised by any participating government is limited to its representation in the General Assembly and on the Board.  The Village did not contribute to NOPEC during 2008 or 2007.  Financial Information can be obtained by contacting Joseph Migliorini, Board Chairman, 175 South Main Street, Akron, Ohio 44308.

VILLAGE OF BRATENAHL
CUYAHOGA COUNTY

NOTES TO THE FINANCIAL STATEMENTS
DECEMBER 31, 2008 AND 2007
(Continued)

11.   **Subsequent Events**

On January 27, 2009 the Village issued $375,000 in Eddy Road Improvement Notes, Series 2009, to be issued in anticipation of the issuance of bonds for the purpose of paying a portion of the cost of improving Eddy Road.



# Mary Taylor, CPA
## Auditor of State

### INDEPENDENT ACCOUNTANTS' REPORT ON INTERNAL CONTROL OVER FINANCIAL REPORTING AND ON COMPLIANCE AND OTHER MATTERS REQUIRED BY *GOVERNMENT AUDITING STANDARDS*

Village of Bratenahl
Cuyahoga County
411 Bratenahl Road
Bratenahl, Ohio 44108

To the Village Council:

We have audited the financial statements of Village of Bratenahl, Cuyahoga County, Ohio, (the Village) as of and for the years ended December 31, 2008 and December 31, 2007, and have issued our report thereon dated December 14, 2009 wherein we noted the Village prepared its financial statements using accounting practices the Auditor of State prescribes or permits rather than accounting principles generally accepted in the United States of America. We also noted the Village uses the Auditor of State's Uniform Accounting Network (UAN) to process its financial transactions. *Government Auditing Standards* considers this service to impair the Auditor of State's independence to audit the Village. However, *Government Auditing Standards* permits the Auditor of State to audit and opine on this entity, because Ohio Revised Code § 117.101 requires the Auditor of State to provide UAN services, and Ohio Revised Code §§ 117.11(B) and 115.56 mandate the Auditor of State to audit Ohio governments. We conducted our audit in accordance with auditing standards generally accepted in the United States of America and the standards applicable to financial audits contained in the Comptroller General of the United States' *Government Auditing Standards*.

### Internal Control Over Financial Reporting

In planning and performing our audit, we considered the Village's internal control over financial reporting as a basis for designing our audit procedures for expressing our opinion on the financial statements, but not to opine on the effectiveness of the Village's internal control over financial reporting. Accordingly, we have not opined on the effectiveness of the Village's internal control over financial reporting.

Our consideration of internal control over financial reporting was for the limited purpose described in the preceding paragraph and would not necessarily identify all deficiencies in internal control over financial reporting that might be significant deficiencies or material weaknesses. However, as discussed below, we identified certain deficiencies in internal control over financial reporting that we consider significant deficiencies.

A control deficiency exists when the design or operation of a control does not allow management or employees, in performing their assigned functions, to prevent or detect misstatements on a timely basis. A significant deficiency is a control deficiency, or combination of control deficiencies, that adversely affects the Village's ability to initiate, authorize, record, process, or report financial data reliably in accordance with its applicable accounting basis, such that there is more than a remote likelihood that the Village's internal control will not prevent or detect a more-than-inconsequential financial statement misstatement.

Lausche Building / 615 Superior Ave., NW / Twelfth Floor / Cleveland, OH 44113-1801
Telephone: (216) 787-3665      (800) 626-2297      Fax: (216) 787-3361
www.auditor.state.oh.us

Village of Bratenahl
Cuyahoga County
Independent Accountants' Report on Internal Control Over
   Financial Reporting and on Compliance and Other Matters
      Required by *Government Auditing Standards*
Page 2

We consider findings 2008-001 through 2008-005 and 2008-007 described in the accompanying schedule of findings to be significant deficiencies in internal control over financial reporting.

A material weakness is a significant deficiency, or combination of significant deficiencies resulting in more than a remote likelihood that the Village's internal control will not prevent or detect a material financial statement misstatement.

Our consideration of the internal control over financial reporting was for the limited purpose described in the first paragraph of this section and would not necessarily identify all deficiencies in the internal control that might be significant deficiencies and accordingly, would not necessarily disclose all significant deficiencies that are also material weaknesses.  Of the significant deficiencies described above, we believe finding number 2008-007 is also material weaknesses.

We also noted a certain internal control matter that we reported to the Village's management in a separate letter dated December 14, 2009.

## Compliance and Other Matters

As part of reasonably assuring whether the Village's financial statements are free of material misstatement, we tested its compliance with certain provisions of laws, regulations, contracts, and grant agreements, noncompliance with which could directly and materially affect the determination of financial statement amounts.  However, providing an opinion on compliance with those provisions was not an objective of our audit and accordingly, we do not express an opinion.  The results of our tests disclosed an instance of noncompliance or other matters that we must report under *Government Auditing Standards* which is described in the accompanying schedule of findings as item 2008-006.

We also noted certain noncompliance or other matters not requiring inclusion in this report that we reported to the Village's management in a separate letter dated December 14, 2009.

The Village's responses to the findings identified in our audit are described in the accompanying schedule of findings.  We did not audit the Village's responses and, accordingly, we express no opinion on them.

We intend this report solely for the information and use of the audit committee, management, and the Village Council.  We intend it for no one other than these specified parties.

*Mary Taylor*

**Mary Taylor, CPA**
Auditor of State

December 14, 2009

VILLAGE OF BRATENAHL
CUYAHOGA COUNTY

SCHEDULE OF FINDINGS
DECEMBER 31, 2008 AND DECEMBER 31, 2007

FINDINGS RELATED TO THE FINANCIAL STATEMENTS
REQUIRED TO BE REPORTED IN ACCORDANCE WITH GAGAS

### FINDING NUMBER 2008-001

**Finding for Recovery Repaid Under Audit – Wine Tasting Events**

Ohio Attorney General Opinion No. 82-006 addresses the expenditure of funds for public purposes. This opinion, citing the Ohio Supreme Court case of *State ex rel. McClure v. Hagerman, 155 Ohio St. 320 (1951)*, provides that the primary object of an expenditure of public funds should serve a public purpose. Typically the determination of what constitutes a "proper public purpose" rests with the judgment of the governmental entity, unless such determination is arbitrary or unreasonable. Even if a purchase is reasonable, Ohio Attorney General Opinion 82-006 indicates that it must be memorialized by a duly enacted ordinance or resolution and may have a prospective effect only. Auditor of State Bulletin 2003-005 states that the Auditor of State's Office will only question expenditures where the legislative determination of a public purpose is manifestly arbitrary and incorrect and in addition states that the Auditor of State's Office does not view the expenditure of public funds for alcoholic beverages as a proper public purpose.

Under Ohio law, any public official who either authorizes an illegal expenditure of public funds or supervises the accounts of a public office from which such illegal expenditure is made is strictly liable for the amount of such expenditure. Seward v. National Surety Co., 120 Ohio St. 47 (1929); 1980 Op. Att'y Gen. No. 80-074; Ohio Rev. Code Section 9.39; State, ex rel. Village of Linndale v. Masten (1985), 18 Ohio St. 3d 228.

On various dates during calendar years 2007, 2008, and 2009, the Village expended a total of $1,775.00 for the purchase of alcohol for several wine tasting events. Various donors have contributed $1,470 of the $1,775.00 to reimburse the Village for the cost of the alcohol. The remaining $305 is expected to be collected by the end of the year.

In accordance with the foregoing facts, and pursuant to Ohio Rev. Code Section 117.28, a Finding for Recovery for public money illegally expended has been issued against W. James Gallagher, Village Clerk, and Ohio Casualty Insurance Company, his bonding company, and John Licastro, Mayor, and CNA Surety, his bonding company, are jointly and severally liable, in the amount of one thousand seven hundred seventy-five dollars ($1,775.00) in favor of the Village.

**Official's Response:**

We accept this finding and have recovered a majority of the $1,775. The balance is expected to be collected and reimbursed to the Village prior to the end of 2009.

### FINDING NUMBER 2008-002

**Finding for Recovery Repaid Under Audit – Retirement Party**

Ohio Attorney General Opinion No. 82-006 addresses the expenditure of funds for public purposes. This opinion, citing the Ohio Supreme Court case of *State ex rel. McClure v. Hagerman, 155 Ohio St. 320 (1951)*, provides that the primary object of an expenditure of public funds should serve a public purpose. Typically the determination of what constitutes a "proper public purpose" rests with the judgment of the governmental entity, unless such determination is arbitrary or unreasonable. Even if a purchase is reasonable, Ohio Attorney General Opinion 82-006 indicates that it must be memorialized by a duly enacted ordinance or resolution and may have a prospective effect only. Auditor of State Bulletin 2003-005 states that the Auditor of State's Office will only question expenditures where the legislative determination of a public purpose is manifestly arbitrary and incorrect and in addition states that the Auditor of State's Office does not view the expenditure of public funds for alcoholic beverages as a proper public purpose.

VILLAGE OF BRATENAHL
CUYAHOGA COUNTY

SCHEDULE OF FINDINGS
DECEMBER 31, 2008 AND DECEMBER 31, 2007
(Continued)

FINDING NUMBER 2008-002 (Continued)

**Finding for Recovery Repaid Under Audit – Retirement Party (Continued)**

Under Ohio law, any public official who either authorizes an illegal expenditure of public funds or supervises the accounts of a public office from which such illegal expenditure is made is strictly liable for the amount of such expenditure. Seward v. National Surety Co., 120 Ohio St. 47 (1929); 1980 Op. Att'y Gen. No. 80-074; Ohio Rev. Code Section 9.39; State, ex rel. Village of Linndale v. Masten (1985), 18 Ohio St. 3d 228.

On February 7, 2008, the Village reimbursed Joe Zalar $53.47 for the purchase of alcohol for an employee retirement party.

In accordance with the foregoing facts, and pursuant to Ohio Rev. Code Section 117.28, a Finding for Recovery for public money illegally expended has been issued against Joe Zalar, in the amount of fifty-three dollars and forty-seven cents ($53.47) in favor of the Village.

Through a donation, the $53.47 has been reimbursed the Village for the cost of the alcohol.

**Official's Response:**

We accept this finding and have recovered all of the $53.47.

FINDING NUMBER 2008-003

**Finding for Recovery Repaid Under Audit – Art Show**

Ohio Attorney General Opinion No. 82-006 addresses the expenditure of funds for public purposes. This opinion, citing the Ohio Supreme Court case of State ex rel. McClure v. Hagerman, 155 Ohio St. 320 (1951), provides that the primary object of an expenditure of public funds should serve a public purpose. Typically the determination of what constitutes a "proper public purpose" rests with the judgment of the governmental entity, unless such determination is arbitrary or unreasonable. Even if a purchase is reasonable, Ohio Attorney General Opinion 82-006 indicates that it must be memorialized by a duly enacted ordinance or resolution and may have a prospective effect only. Auditor of State Bulletin 2003-005 states that the Auditor of State's Office will only question expenditures where the legislative determination of a public purpose is manifestly arbitrary and incorrect and in addition states that the Auditor of State's Office does not view the expenditure of public funds for alcoholic beverages as a proper public purpose.

Under Ohio law, any public official who either authorizes an illegal expenditure of public funds or supervises the accounts of a public office from which such illegal expenditure is made is strictly liable for the amount of such expenditure. Seward v. National Surety Co., 120 Ohio St. 47 (1929); 1980 Op. Att'y Gen. No. 80-074; Ohio Rev. Code Section 9.39; State, ex rel. Village of Linndale v. Masten (1985), 18 Ohio St. 3d 228.

On August 15, 2008, the Village expended $129.53 for the purchase of alcohol for a Village art show.

In accordance with the foregoing facts, and pursuant to Ohio Rev. Code Section 117.28, a Finding for Recovery for public money illegally expended has been issued against W. James Gallagher, Village Clerk, and Ohio Casualty Insurance Company, his bonding company, and John Licastro, Mayor, and CNA Surety, his bonding company, are jointly and severally liable, in the amount of one hundred twenty-nine dollars and fifty-three cents ($129.53) in favor of the Village.

Through a donation, the $129.53 has been reimbursed the Village for the cost of the alcohol.

VILLAGE OF BRATENAHL
CUYAHOGA COUNTY

SCHEDULE OF FINDINGS
DECEMBER 31, 2008 AND DECEMBER 31, 2007
(Continued)

FINDING NUMBER 2008-003 (Continued)

**Finding for Recovery Repaid Under Audit – Art Show (Continued)**

**Official's Response:**

We accept this finding and have recovered all of the $129.53.

FINDING NUMBER 2008-004

**Finding for Recovery – Payroll Overpayment**

During our review of payroll expenditures, we noted the former Village Police Chief Paul E. Falzone received wages and benefits not authorized by Village Ordinance.

The last Ordinance specifically addressing the Chief was Ordinance 3289 passed on March 16, 2005. This Ordinance set his annual compensation rate for the year 2005 at $68,507.42. The Chief received annual increases and longevity payments subsequent to that ordinance in accordance with the Police Officers' Ordinances which covered all police officers.

On April 23, 2008, the Chief received a gross payment to compensate him for longevity payouts and wage increases the Assistant Clerk determined he was owed but did not receive for fiscal years 2005, 2006, and 2007. This payout was based on the assumption that longevity was not included in the Chief's base salary, but it was included. It also incorrectly gave the Chief an annual increase when no other Police Officer's received an increase for 2006. These two errors equated to $9,767.96 in improper payments.

On April 30, 2008, due to the longevity corrections described above, the Chief also began receiving $3,181.55 as a bi-monthly salary which was an overpayment of $92.67 each pay. He was paid this salary for seventeen pay periods, causing an overpayment of $1,575.39. In addition, on January 1, 2009, the Chief also began receiving $3,277.00 as a bi-monthly salary which was an overpayment of $95.45 each pay. He was paid this salary for 4 pay periods, causing an overpayment of $381.80.

On December 31, 2008, the Chief received a gross payment of $1,527.14 to compensate him for longevity thought to be owed him for 2008. This payout was also based on the wrong assumption that longevity was not included in the Chief's base salary.

Under Ohio law, any public official who either authorizes an illegal expenditure of public funds or supervises the accounts of a public office from which such illegal expenditure is made is strictly liable for the amount of the expenditure. Seward v. National Surety Corp.,_120 Ohio St. 47 (1929); 1980 Op. Atty Gen. No. 80-074: Ohio Rev. Code Section 9.39; State, ex. Rel. Village of Linndale v. Masten, 18 Ohio St. 3d 228 (1985). Public officials controlling public funds or property are secondarily liable for the loss incurred should such funds or property be fraudulently obtained by another, converted, misappropriated, lost or stolen. Public officials will be liable if and to the extent that recovery or restitution is not obtained from the persons who unlawfully obtained such funds or property, 1980 OP. Atty Gen. No. 80-074.

In accordance with the forgoing facts and pursuant to Ohio Revised Code Section 117.28 a Finding for Recovery for public monies illegally issued is hereby issued jointly and severally against former Police Chief Paul E. Falzone. The finding of $13,252.29 is in favor of the Village's General Fund. In addition, W. James Gallagher, Village Clerk, and Ohio Casualty Insurance Company, his bonding company, are jointly and severally liable, in the amount of $13,252.29 and in favor of the Village's General Fund.

W. James Gallagher, Village Clerk, shall be secondarily liable for such illegal expenditure to the extent that recovery or restitution is not obtained from former Village Police Chief Paul E. Falzone.

21

VILLAGE OF BRATENAHL
CUYAHOGA COUNTY

SCHEDULE OF FINDINGS
DECEMBER 31, 2008 AND DECEMBER 31, 2007
(Continued)

FINDING NUMBER 2008-004 (Continued)

Finding for Recovery – Payroll Overpayment (Continued)

Official's Response:

We accept this finding.  Legitimate longevity increases to the employee's pay scale were inadvertently duplicated during a period, prior to the timeframe of this audit, when we were switching payroll systems.  To avoid similar issues in the future the following procedures have been adopted:

1. All payroll ordinances or wage contracts are now centralized in a Payroll manual which will be referenced prior to any payroll adjustment being made.

2. All payroll adjustments will be reviewed by the Clerk and authorized by the Mayor.

3. All payroll adjustments will be documented in each employee's personnel file.

FINDING NUMBER 2008-005

Finding for Recovery Repaid Under Audit – Unused Holiday Payout

During our review of payroll expenditures, we noted several Village employees who received a payment for unused holidays in excess of the allowed amount per the Village's Codified Ordinances.

Village Codified Ordinance 149.01 states, "All full-time officers and employees of the Village shall be entitled to eleven paid holidays throughout the year…In addition, with the approval of the Mayor and the appropriate department head, once a year in December, a full-time employee may be paid in cash for up to five unused paid holidays of the eleven permitted in one year."

To determine the amount of the payment, each employee's bi-monthly salary was divided in half.  The amount should have been calculated by multiplying their hourly rate by 40 hours (5 days).  On December 2008 and November 2007, the Village overpaid the following seven employees for unused holidays:

| Employee | Amount Overpaid |
|---|---|
| Richard Dolbow | $201.12 |
| Paul Falzone | 367.65 |
| Angela Fernandes | 106.67 |
| Elliot Longley | 386.32 |
| Paula Luksic | 120.75 |
| Dominic Soric | 175.48 |
| Richard Renshaw | 175.03 |
| Total | $1,533.02 |

Under Ohio law, any public official who either authorizes an illegal expenditure of public funds or supervises the accounts of a public office from which such illegal expenditure is made is strictly liable for the amount of the expenditure. Seward v. National Surety Corp., 120 Ohio St. 47 (1929); 1980 Op. Atty Gen. No. 80-074: Ohio Rev. Code Section 9.39; State, ex. Rel. Village of Linndale v. Masten, 18 Ohio St. 3d 228 (1985). Public officials controlling public funds or property are secondarily liable for the loss incurred should such funds or property be fraudulently obtained by another, converted, misappropriated, lost or stolen. Public officials will be liable if and to the extent that recovery or restitution is not obtained from the persons who unlawfully obtained such funds or property, 1980 OP. Atty Gen. No. 80-074.

22

VILLAGE OF BRATENAHL
CUYAHOGA COUNTY

SCHEDULE OF FINDINGS
DECEMBER 31, 2008 AND DECEMBER 31, 2007
(Continued)

FINDING NUMBER 2008-005 (Continued)

**Finding for Recovery Repaid Under Audit – Unused Holiday Payout (Continued)**

In accordance with the forgoing facts, and pursuant to the Ohio Revised Code Section 117.28 a Finding for Recovery for public monies illegally expended is hereby issued against Richard Dolbow for $201.12 of the $1,533.02, Paul Falzone for $367.65 of the $1,533.02, Angela Fernandes for $106.67 of the $1,533.02, Elliot Longley for $386.32 of the $1,533.02, Paula Luksic for $120.75 of the $1,533.02, Dominic Soric for $175.48 of the $1,533.02, and Richard Renshaw for $175.03 of the $1,533.02. In addition, W. James Gallagher, Village Clerk, and Ohio Casualty Insurance Company, his bonding company, are jointly and severally liable, in the amount of $1,533.02 and in favor of the Village's General Fund.

W. James Gallagher, Village Clerk, shall be secondarily liable for such illegal expenditure to the extent that recovery or restitution is not obtained from the individuals mentioned above.

Richard Dolbow's portion of the finding for recovery was repaid by Mr. Dolbow on October 5, 2009 in the amount of $201.12. Elliot Longley's portion of the finding for recovery was repaid by Mr. Longley on October 15, 2009 in the amount of $386.32. Angela Fernandes, Paula Luksic, and Dominic Soric began payroll deductions on September 15, 2009 which will go through the end of 2009 until their portion of the finding for recovery is paid in full. Richard Renshaw made a payment on November 17, 2009 of $20 reducing his portion of the finding for recovery to $155.03.

**Official's Response**:

We accept this finding. We have adopted your recommendation for calculating unused holiday payouts. Of the seven employees cited in this finding, five are current employees who have either reimbursed the Village completely or are utilizing payroll deductions to reimburse the Village in full by the end of 2009. One noncurrent employee started making payments. The remaining employee is being contacted to determine a reimbursement plan.

FINDING NUMBER 2008-006

**Appropriations Exceeding Estimated Receipts - Noncompliance Finding**

Ohio Revised Code Section 5705.39 states, in part, the total appropriation from each fund shall not exceed the total estimated revenue. As discussed in Auditor of State Bulletin 97-012, if a local government is participating in a grant or loan program whereby proceeds will be received after the expenditures are incurred, it is possible that if properly budgeted, appropriations for one fiscal year will exceed the available amount on the certificate of estimated resources. However, an advance should be used to prevent a negative fund balance. The following funds had appropriations exceeding estimated receipts at year end:

| | Estimated Receipts | Total Appropriations | Variance |
|---|---|---|---|
| At December 31, 2008 | | | |
| *Special Revenue Funds* | | | |
| Law Enforcement Fund | 11,341 | 51,341 | (40,000) |
| *Capital Project Funds* | | | |
| DOPWIC Fund | 0 | 42,000 | (42,000) |

We recommend the Village compare appropriations to estimated receipts in all funds which are legally required to be budgeted to ensure compliance with the above requirements. This comparison should be made on a monthly basis at a minimum.

VILLAGE OF BRATENAHL
CUYAHOGA COUNTY

SCHEDULE OF FINDINGS
DECEMBER 31, 2008 AND DECEMBER 31, 2007
(Continued)

FINDING NUMBER 2008-006 (Continued)

**Appropriations Exceeding Estimated Receipts - Noncompliance Finding (Continued)**

**Official's Response**

We accept this finding.  We have been and will continue to compare appropriations to estimated receipts on at least a monthly basis.

FINDING NUMBER 2008-007

**Statement on Auditing Standards 112 - Effects on Annual Financial Report – Material Weakness**

Paragraph 18 of the *Statement on Auditing Standards 112* documents that the identification by the auditor of a material misstatement in the financial statements for the period under audit that was not initially identified by the entity's internal control is a strong indicator of a material weakness even if management subsequently corrects the misstatement.

Sound financial reporting is the responsibility of the Village Clerk and the Village Council and is essential to ensure the information provided to the readers of the financial statements is complete and accurate.

The following weaknesses were noted and subsequent adjustments made to the financial statements and, where applicable, to the Village's accounting records:

1. The Village adjusted capital outlay and fiscal charges posted as principal payments to the appropriate line item totaling $86,735 for fiscal year 2008. This adjustment affected only the basic financial statements.

2. The Village adjusted general government, security of persons and property, and capital outlay expenditures posted as other financing uses to appropriate cash disbursement line totaling $68,656 for fiscal year 2008. This adjustment affected only the basic financial statements.

3. The Village adjusted general government, security of persons and property, and capital outlay expenditures posted as other financing uses to appropriate cash disbursement line totaling $36,233 for fiscal year 2007. This adjustment affected only the basic financial statements.

The lack of controls over the posting of financial transactions and financial reporting can result in errors and irregularities that may go undetected and decreases the reliability of financial data throughout the year.

We recommend the Village Council adopt policies and procedures for controls over recording of financial transactions and over financial reporting to help ensure the information accurately reflects the activity of the Village and thereby increasing the reliability of the financial data throughout the year.

**Official's Response**

We did not receive a response from Officials to this finding.

VILLAGE OF BRATENAHL
CUYAHOGA COUNTY

SCHEDULE OF PRIOR AUDIT FINDINGS
DECEMBER 31, 2008 AND DECEMBER 31, 2007

| Finding Number | Finding Summary | Fully Corrected? | Not Corrected, Partially Corrected; Significantly Different Corrective Action Taken; or Finding No Longer Valid; *Explain* |
|---|---|---|---|
| 2006-001 | ORC 5705.14 Approval of Transfers | Yes | |
| 2006-002 | ORC 5705.39 Appropriations Exceeding Total Estimated Receipts | No | Repeated as Finding 2008-006 |
| 2006-003 | ORC 5705.41(D)(1) Proper Encumbering | Yes | |
| 2006-004 | ORC 5705.41(B) Expenditures plus Encumbrances Exceeding Total Appropriations | Yes | |
| 2006-005 | ORC 5705.36 (A)(1) Unencumbered cash balances on the Certificate of Estimated Resources did not agree to prior year ledger | Yes | |
| 2006-006 | Proper Posting of Receipts and Disbursements | No | Amended and Repeated as SAS-112 Finding 2008-007 |



# Mary Taylor, CPA
## Auditor of State

VILLAGE OF BRATENAHL

CUYAHOGA COUNTY

### CLERK'S CERTIFICATION

This is a true and correct copy of the report which is required to be filed in the Office of the Auditor of State pursuant to Section 117.26, Revised Code, and which is filed in Columbus, Ohio.

*Susan Babbitt*

**CLERK OF THE BUREAU**

**CERTIFIED**
**JANUARY 14, 2010**

88 E. Broad St. / Fourth Floor / Columbus, OH 43215-3506
Telephone:  (614) 466-4514        (800) 282-0370      Fax:  (614) 466-4490
www.auditor.state.oh.us