

# Mary Taylor, CPA
## Auditor of State

NOTICE OF FINDING

January 15, 2010

Paul Falzone
One Bratenahl Place #203
Bratenahl, Ohio 44108

To Mr. Falzone:

The Auditor of State has audited the Village of Bratenahl, Cuyahoga County, for the period January 1, 2007 through December 31, 2008.

Ohio Rev. Code 117.28 requires the Auditor of State to issue a finding for recovery when "an audit report sets forth that any public money collected has been illegally expended, or that any public money collected has not been accounted for, or that any public money due has not been collected, or that any public property has been converted or misappropriated..."

A "Finding for Recovery" has been issued against you. Issuance of a Finding for Recovery constitutes a preliminary determination by the Auditor of State, in accordance with Ohio Revised Code Section 117.28, that you may be liable to a public office for public monies illegally expended. It does not constitute a final determination that such legal liability exists and is not an accusation of criminal misconduct. The Finding for Recovery will be issued against you and W. James Gallagher, Village Clerk, and Ohio Casualty Insurance Company, his bonding company, jointly and severally, and will be in the amount of $13,619.94, and in favor of the Village of Bratenahl.

We are issuing this Finding for Recovery for the following reasons:

1. Village of Bratenahl Codified Ordinance 149.01 states, "All full-time officers and employees of the Village shall be entitled to eleven paid holidays throughout the year...In addition, with the approval of the Mayor and the appropriate department head, once a year in December, a full-time employee may be paid in cash for up to five unused paid holidays of the eleven permitted in one year."

To determine the amount of the payment, the employee's bi-monthly salary was divided in half. The amount should have been calculated by multiplying their hour rate by 40 hours (5 days). On December 2008 and November 2007, the Village overpaid the following amount for unused holidays:

| Description | Total |
|---|---|
| 40 hours of holiday time in 2008 x $34.94 per hour = | $ 1,397.60 |
| 40 hours of holiday time in 2007 x $33.92 per hour = | 1,356.80 |
|  | $ 2,754.40 |
| Actual holiday time paid in 2008 | $ 1,622.59 |
| Actual holiday time paid in 2007 | 1,499.46 |
|  | $ 3,122.05 |
| Overpayment | $ 367.65 |

2. On April 23, 2008, Mr. Falzone received a gross payment of $10,397.68 to compensate him for longevity payouts and wage increases the Assistant Clerk determined he was owed but did not receive for fiscal years 2005, 2006, and 2007. This payout was based on the assumption that longevity was not included in Mr. Falzone's base salary, but it was included. It also incorrectly gave Mr. Falzone an annual increase when no other Police Officer's received an increase for 2006. These two errors equated to $9,767.96 in improper payments.

On April 30, 2008, due to the longevity corrections described above, Mr. Falzone also began receiving $3,181.55 as a bi-monthly salary which was an overpayment of $92.67 each pay. He was paid this salary for seventeen pay periods, causing an overpayment of $1,575.39. In addition, on January 1, 2009, the Chief also began receiving $3,277.00 as a bi-monthly salary which was an overpayment of $95.45 each pay. He was paid this salary for 4 pay periods, causing an overpayment of $381.80.

On December 31, 2008, Mr. Falzone received a gross payment of $1,527.14 to compensate him for longevity thought to be owed for 2008. This payout was also based on the wrong assumption that longevity was not included in Mr. Falzone's base salary.

Total overpayments for these errors totaled to $13,252.29.

In accordance with the foregoing facts and pursuant to Ohio Rev. Code Section 117.28, a Finding for Recovery for public monies illegally expended is hereby issued against Paul Falzone in the amount of $13,619.94, and in favor of the Village of Bratenahl.

Under Ohio law, any public official who either authorizes an illegal expenditure of public funds or supervises the accounts of a public office from which such illegal expenditure is strictly liable for the amount of the expenditure. *Seward v. National Surety Corp.* (1929), 120 Ohio St. 47; 1980 Op. Att'y Gen. No. 80-074; Ohio Rev. Code Section 9.39; *State, ex. Rel. Village of Linndale v. Masten* (1985), 18 Ohio St.3d 228. Public officials controlling public funds or property are liable for the loss incurred should such funds or property be fraudulently obtained by another, converted, misappropriated, lost or stolen to the extent that recovery or restitution is not obtained from the persons who unlawfully obtained such funds or property, 1980 Op. Att'y Gen. No. 80-074.

The Village Clerk signed the warrants resulting in improper payments. The Village Clerk, W. James Gallagher, and his bonding company, Ohio Casualty Insurance Company, will be jointly and severally liable in the amount of $13,619.94 and in favor of the Village of Bratenahl to the extent that recovery is not obtained from Paul Falzone.

The Auditor of State is required, under Ohio Revised Code section 117.28, to forward a copy of the audit report containing this Finding For Recovery to the statutorily designated legal counsel for the public office, who then has the discretionary authority to institute legal proceedings to collect the amount alleged to be due the public office. Under certain circumstances such action might also be instituted by the Attorney General of the State of Ohio.

In addition, pursuant to Ohio Revised Code section 9.24, a person against whom an unresolved finding for recovery has been issued by the Auditor of State is precluded from receiving, from a state agency or political subdivision, a contract for goods, services, or construction, paid for in whole or in part with state funds. (This preclusion does not apply to employment contracts.)

Sincerely,

Mary Taylor, CPA
Auditor of State

Robert Wilhelm
Chief Auditor, Cleveland Region

cc: Brian Cook, Chief Deputy Legal Counsel